ORIGINAL

1  Christopher C. Hoffman (CA Bar No.:176334)  FILED
      choffman@laborlawyers.com
2  Amy M. Goble (CA Bar No.: 243778)         07 DEC 28  AM 10: 58
      agoble@laborlawyers.com
3  FISHER & PHILLIPS LLP                     CLERK, U.S. DISTRICT COURT
   4225 Executive Square, Suite 950          SOUTHERN DISTRICT OF CALIFORNIA
4  La Jolla, California 92037
   Telephone (858) 597-9600                  BY: gyb              DEPUTY
5  Facsimile (858) 597-9601

6  Attorney for Defendant
   LA PETITE ACADEMY, INC.

7

8                  **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10                  **'07 CV 2427 J RBB**

11 CONNIE CORN, an individual,       ) Case No.:
                                     )
12              Plaintiff,           ) [Removed from State Court
                                     ) Case No. 37-2007-00069409-CU-WT-CTL]
13 vs.                               )
                                     ) **DEFENDANT'S NOTICE OF**
14 LA PETITE ACADEMY, INC., a        ) **REMOVAL OF ACTION TO THE UNITED**
   corporation; BRANDY FRYBARGAR,    ) **STATES DISTRICT COURT OF THE**
15 an individual; and DOES 1 to      ) **SOUTHERN DISTRICT OF CALIFORNIA**
   250, inclusive;                   )
16                                   ) **(Diversity Jurisdiction)**
                Defendants.          )
17 _____  ) COMPLAINT FILED: June 29, 2007

18

19     TO PLAINTIFF CONNIE CORN, HER ATTORNEYS OF RECORD, AND THE

20 CLERK OF THE ABOVE-ENTITLED COURT:

21     PLEASE TAKE NOTICE that Defendant La Petite Academy, Inc.

22 ("La Petite" or "Defendant") hereby removes the above-

23 referenced action of plaintiff Connie Corn("Plaintiff") from

24 the San Diego Superior Court to the United States District

25 Court for the Southern District of California pursuant to 28

26 U.S.C. §§ 1441 and 1446.   In support of removal, Defendant

27 states as follows:

28 ///

_____
                    DEFENDANT'S NOTICE OF REMOVAL

### PROCEDURAL HISTORY

1.    On June 29, 2007, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of San Diego, entitled *Connie Corn v. La Petite Academy, Inc., a corporation; Brandy Frybargar, an individual; and DOES 1 to 250*, San Diego Superior Court Case No. 37-2007-00069409-CU-WT-CTL (the "Complaint"). The Complaint alleges claims for wrongful termination in violation of public policy, disability discrimination and failure to accommodate/engage in interactive process, retaliatory termination in violation of Government Code section 12940(h) and violation of Labor Code section 201.

2.    On or about July 10, 2007, Plaintiff served the Summons and Complaint on Corporation Service Company, the authorized agent to accept service of process on behalf of La Petite since La Petite is based in Novi, Michigan.  A copy of the Summons and Complaint that were served on La Petite is attached to this Notice as Exhibit "A."

### TIMELINESS OF REMOVAL

3.    Service of the Complaint upon La Petite was effective on July 10, 2007.

4.    La Petite filed an Answer to the Complaint in San Diego Superior Court on August 9, 2007.

5.    Since that time, Plaintiff failed to serve the individual Defendant Brandy Frybargar and Plaintiff filed a request for dismissal of the individual defendant on or about November 29, 2007.

6.    As a result, the only parties remaining in the case are La Petite Academy, Inc. and Plaintiff.

DEFENDANT'S NOTICE OF REMOVAL

1    7.    This Notice of Removal is timely filed as to La

2  Petite because it has been filed within 30 days of Plaintiff's

3  filing the request for dismissal of the individual defendant at

4  which time the case became removable pursuant to 28 U.S.C. §

5  1446(b).

6                  **BASIS FOR REMOVAL JURISDICTION**

7    8.    This Court has diversity jurisdiction over this

8  action pursuant to 28 U.S.C. § 1332 because Plaintiff and

9  Defendant are citizens of different states, and the amount in

10 controversy exceeds $75,000 exclusive of interests and costs.

11 Accordingly, this case may be removed to this Court under 28

12 U.S.C. §§ 1441(a) and 1446(b).

13              **A.    Diversity of Citizenship**

14   9.    Plaintiff indicates in her Complaint that she

15 currently resides in San Diego County, California and that at

16 all times relevant to the Complaint she resided in San Diego

17 County, California.  *See* Complaint, Ex. A at ¶ 5.  She is,

18 therefore, a citizen of the State of California.

19   10.    Plaintiff erroneously alleges in her Complaint that

20 La Petite is a corporation with a principal place of business

21 in San Diego, California.  *See* Complaint, Ex. A, ¶ 6.  Contrary

22 to Plaintiff's assertions, La Petite is, and at all relevant

23 times was, a corporation organized and existing under the laws

24 of the State of Delaware with its principal place of business

25 in Michigan.  *See* Declaration of Ira Young("Young Decl.")

26 attached hereto as Exhibit "B", at ¶¶ 2-4.  Accordingly, La

27 Petite is a citizen of Delaware and Michigan.

28 ///

DEFENDANT'S NOTICE OF REMOVAL

1    11.    Complete  diversity  of  citizenship  exists  because

2  Plaintiff and La Petite are citizens of different states.[1]

3                    **B.    Amount in Controversy**

4    12.    The amount in controversy in this action exceeds the

5  $75,000 minimum required by 28 U.S.C. § 1332(a).  As Plaintiff

6  alleges in the Complaint, she seeks to recover damages for loss

7  of  earnings,  deferred  compensation,  overtime  and  other

8  employment benefits from June 30, 2006 through the present.

9    13.    In  addition  to  lost  earnings,  Plaintiff  seeks  to

10  recover damages for physical injuries and/or physical sickness

11  and medical expenses.

12    14.    In  addition,  Plaintiff  seeks  to  recover  punitive

13  damages for Defendant's alleged conduct.

14    15.    For  these  reasons,  the  amount  Plaintiff  seeks  to

15  recover against Defendant, exclusive of interests and costs,

16  exceeds the $75,000 jurisdictional minimum of this Court.

17                **NOTICE PROVIDED TO STATE COURT**

18    16.    Pursuant to U.S.C. § 1446(d), Defendant concurrently

19  with  the  filing  of  this  Notice  of  Removal,  served  written

20  notice thereof to Plaintiff and has filed a copy of this notice

21  with the clerk of the Superior Court of California, County of

22  San Diego, from which this case was removed. A copy of the

23  Notice  of  Filing  Petition  for  Removal  is  attached  as  Exhibit

24  "C" and a copy of the Notice to Adverse Parties is attached as

25  Exhibit "D."

26  _____

27  [1] The Complaint also names as Defendants DOES 1 through 250, inclusive ("Does
   Defendants").    Pursuant  to  28  U.S.C.  §  1441(a),  the  citizenship  of  DOE
28  Defendants are disregarded.  For this reason, this Notice of Removal does
   not discuss the citizenship of DOE Defendants.

                    DEFENDANT'S NOTICE OF REMOVAL

1    Wherefore Defendant respectfully requests that the above-

2  mentioned litigation (Case No. 37-2007-00069409-CU-WT-CTL), now

3  pending before the Superior Court of the State of California,

4  San Diego County, be removed therefrom to this court based on

5  diversity jurisdiction.

6                                    FISHER & PHILLIPS LLP

7

8  Dated: *December 26, 2007*        By: _____

9                                       CHRISTOPHER C. HOFFMAN
                                        AMIE M. GOBLE
10                                      Attorneys for Defendant
                                        La Petite Academy, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

Exhibit A

## SUMMONS
### *(CITACION JUDICIAL)*

SUM-100

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
LA PETITE ACADEMY, INC., a corporation; BRANDY FRYBARGAR, an
Individual; and DOES 1 through 250, inclusive;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED ON 29 P 4:04
CIVIL BUSINESS OFFICE 15

2007 JUN 29 P 4:04

... COUNTY, CA

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CONNIE CORN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>220 W. Broadway<br>220 W. Broadway<br>San Diego, California 92101<br>Central Division | 2007-00069409-CU-WT-CTL |

FILE BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary R. Carlin, Esq., CSBN 44945                    (562) 432-8933          (562) 435-1656
Joanne P. Freeman, Esq., CSBN 140137
Law Offices of Carlin & Buchsbaum, LLP
Long Beach, CA 90802

| DATE:<br>*(Fecha)*     JUN 2 9 2007 | Clerk, by<br>*(Secretario)* | SCOTT | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* L A Petite Academey, a corporation

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465



EXHIBIT A

THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
GARY R. CARLIN, CSBN: 44945
BRENT S. BUCHSBAUM, CSBN: 194816
JOANNE P. FREEMAN, CSBN: 140137
555 E. Ocean Blvd., Suite 818
Long Beach, CA 90802
Telephone:(562) 432-8933, Fax: (562) 435-1656

Attorneys for Plaintiff CONNIE CORN

2007 JUN 29  P 4: 04

SAN ....... COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

CONNIE CORN,

    Plaintiff,

        vs.

LA PETITE ACADEMY, INC., a corporation;
BRANDY FRYBARGAR, an individual; and
DOES 1 through 250, inclusive;

    Defendants.

CASE NO. 37-2007-00069409-CU-WT-CTL

COMPLAINT FOR DAMAGES
(1) WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY;
(2) DISABILITY DISCRIMINATION AND
FAILURE TO ACCOMMODATE /
ENGAGE IN INTERACTIVE PROCESS;
(3) RETALIATORY TERMINATION IN
VIOLATION OF GOVERNMENT CODE
SECTION 12940(h);
(4) VIOLATION OF LABOR CODE § 201

[DEMAND FOR JURY TRIAL]

FILE BY FAX

COMES NOW the Plaintiff, CONNIE CORN, (who hereinafter shall collectively be
referred to as the "Plaintiff" or individually as "CORN"), who hereby respectfully alleges,
avers, and complains, as follows:

COMPLAINT

-1-



## INTRODUCTION

1.    This is an action brought by the Plaintiff, CORN, pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendant LA PETITE ACADEMY, INC., a corporation, (hereinafter referred to as "ACADEMY").

2.    Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3.    Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the San Diego County Superior Court Rules including but not limited to the rules governing the proper court in which to file an action for wrongful termination, to wit: LASC Local Rule 2(a) and 2(b), et seq.

4.    Venue in this Court is proper in that the causes of action herein alleged took place at ACADEMY's business address located in the City of San Diego, County of San Diego, State of California.

## PARTIES

5.    At all times herein mentioned, Plaintiff CORN is and has been a resident of San Diego County, State of California.

6.     Defendant ACADEMY is and at all times herein mentioned has been a corporation with the capacity to sue and to be sued, and doing business, with a principal place of business located at 10050 Carmel Mt. Road, San Diego, CA 92128.

7.     Defendant BRANDY FRYBARGAR (sometimes hereinafter referred to as 'FRYBARGAR'), is and and at all times herein mentioned was a manager employed by ACADEMY and/or was a manager of the Plaintiff and/or was a manager in Plaintiff's department, and at all times herein mentioned was and is a resident of the County of San Diego, State of California.

8.     Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment.  Plaintiff further alleges that as to each Defendant, whether named, FRYBARGAR, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

9.     The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

//
//
//
//
//

## FACTUAL ALLEGATIONS

10. Plaintiff became employed by Defendant ACADEMY, on or about January 29, 1995, as a preschool teacher. Plaintiff CORN was wrongfully terminated by ACADEMY on or about June 30, 2006, as hereinafter alleged.

11. On or about March 21, 2005, Plaintiff slipped on some wet grass on ACADEMY premises, injuring her knee. Medical tests later revealed that Plaintiff had torn a meniscus ligament. In or about October of 2005, Plaintiff had surgery as a result of the above-referenced injury, and missed approximately two weeks of work thereafter. Plaintiff did not miss any further work as a result of her injury. Inexplicably, on or about June 30, 2006, Plaintiff was told that she was being fired and would be referred to vocational rehabilitation, despite the fact that Plaintiff was able to perform the essential functions of her job. Plaintiff only requested and/or required reasonable accommodations.

12. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on her by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH"), and has received a Right to Sue Letter from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted her administrative remedies prior to filing, commencing, and serving the within action.

//
//
//
//
//

COMPLAINT

-4-

# FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (CORN Against Defendants ACADEMY and DOES 1 through 100, inclusive)

13.  The allegations of paragraphs 1 through 12 are re-alleged and incorporated herein by reference as though set forth at length.

14.  At all times herein mentioned in this complaint, **Government Code** Section 12940(h), Government Code Section 12945.2, and **California Constitution** Article 1, Section 8, were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms, and therefore ACADEMY was required to refrain from retaliation for whistle blowing, discrimination on the basis of disability, or for having taken leave, or for having been denied other alternative employment.

15.  Plaintiff believes and is informed and thereon alleges that her protestation against and/or refusal to perform, permit, acquiesce, participate, suffer or allow illegal, fraudulent, deceitful, and unethical acts was in part a factor in Defendants' decision to terminate the Plaintiff.

16.  Plaintiff believes and is informed and thereon alleges that her disability and/or taking leave was in part a factor in Defendants' decision to terminate the employment of Plaintiff.

17.  Plaintiff was hired by the Defendants on or about January 29, 1995, as a preschool teacher.

//
//
//

COMPLAINT                                                         -5-

06/28/2007   14:54    5624??35           CARLIN AND BUCH??H                    PAGE  06/13

18. Plaintiff CORN was wrongfully terminated by ACADEMY on or about June 30, 2006, as hereinafter alleged. The foregoing adverse employment decision was a direct and proximate result of the Plaintiff's taking leave, and/or her disability.

19. Plaintiff worked continuously for Defendant, until she was wrongfully terminated, in spite of her superior performance.

20. Defendants' conduct above described is in violation of various statutes and the decisional law of this state and country, including but not limited to the **FEHA, Government Code § 12940, et seq.; Title VII Civil Rights Act of 1964; Stephens v. Coldwell Banker Commercial Group, Inc., (1988) 199 Cal. App.3d 1394, 1399-1401, and California Constitution** Article 1, Section 8.

21. As a direct and legal result of Defendants' discrimination and retaliatory actions against Plaintiff for her complaints herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, *physical injuries, physical sickness,* as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

22. Said termination was wrongful and justifies the imposition of punitive damages since the termination was against public policy. Defendants intentionally discriminated against Plaintiff on account of her taking leave, and/or her disability, and her complaints about same, and in doing so, Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Based upon the foregoing, Plaintiff is entitled to recover punitive damages in an amount according to proof from Defendants and each of them.

## SECOND CAUSE OF ACTION

### (DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE / ENGAGE IN INTERACTIVE PROCESS)

#### (CORN Against Defendants ACADEMY and DOES 1 through 100, inclusive)

23.  The allegations of paragraphs 1 through 22 are incorporated herein by reference as though set forth at length.

24.  Defendant ACADEMY is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the Fair Employment and Housing Act. At all times herein mentioned in this complaint, Government Code §12940 and Government Code §12926.1 were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms.

25.  Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing alleging *inter alia* violations of **Government Code** §12940, including, but not limited to §12940(a), (m), and (n), and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

26.  At all times herein mentioned, Plaintiff was fully qualified and competent to perform the duties assigned, with a reasonable accommodation. At all relevant times herein mentioned, and as a proximate result of the acts referred to herein: Plaintiff suffered from a knee injury, and other disabling physical injuries, as well as various mental health injuries including depression and anxiety from work related stress, including but not limited to sadness, anger, nervousness, headaches, upset stomachs, bowel problems, nightmares, fatigue, loss of self-esteem, sleep disturbance, eating disorders, and

COMPLAINT                                                    -7-

1      enjoyment dysfunction, as well physical pain. discomfort, and injury.

2

3   27.   Although Defendants knew of Plaintiff's injuries and physical limitations, and emotional

4      stress and upset from work related conditions, Defendants required Plaintiff to continue

5      working under the same conditions.  Specifically, Defendants continued to force and

6      pressure Plaintiff to work without accommodation.  Defendants' actions were in direct

7      contravention of the above mentioned provisions of the Fair Employment and Housing

8      Act.

9

10  28.   Plaintiff is informed and believes and thereon alleges that with reasonable

11     accommodations she could have fully performed all duties and functions of her job in an

12     adequate, satisfactory and/or outstanding manner.

13

14  29.   As a direct and legal result of Defendants' discrimination and retaliatory actions against

15     Plaintiff for her complaints herein referenced, Plaintiff has suffered and continues to

16     suffer general, consequential, and special damages, including but not limited to

17     substantial losses in earnings, other employment benefits, *physical injuries*, *physical*

18     *sickness*, as well as emotional distress, plus medical expenses, future medical expenses,

19     and attorneys' fees, all to her damage in an amount according to proof.

20

21  30.   Said termination was wrongful and justifies the imposition of punitive damages since the

22     termination was against public policy.  Defendants intentionally discriminated against

23     Plaintiff on account of her disability, acted maliciously, fraudulently and oppressively,

24     with the wrongful intention of injuring Plaintiff.  Defendants acted with an evil purpose,

25     in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and/or with

26     a conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled

27     to recover punitive damages in an amount according to proof from Defendants and each

28     of them.

## THIRD CAUSE OF ACTION

(Retalintory Termination in Violation of Government Code Section 12940(h))

(CORN Against Defendants ACADEMY, FRYBARGAR and DOES 1 through 100, inclusive)

31.    The allegations of paragraphs 1 through 30 are re-alleged and incorporated herein by reference as though fully set forth herein.

32.    At all times herein mentioned in this complaint, Government Code Section 12940(h) was in full force and effect and binding on the Defendants and the Defendants were subject to its terms. Defendants wrongfully terminated the Plaintiff for reasons and in a manner contrary to public policy, on a pre-textual basis, in retaliation for her complaints as to discrimination and suffering, as herein above alleged, and for complaining about said acts.

33.    Plaintiff engaged in protected activity, in that she complained about discrimination and suffering. In retaliation, Defendants subjected Plaintiff to an adverse employment decision by wrongfully discharging the Plaintiff under a pre-textual reason from employment and denying Plaintiff re-employment altogether. Said retaliation was in violation of public policy because the sole and actual reason for terminating the Plaintiff was that Plaintiff complained about, and or opposed, and/or was going to disclose information regarding Defendants' wrongful policies and procedures as above alleged, including discrimination. As a result, the Defendants referenced in this action deliberately decided to terminate the Plaintiff. Defendants' reason for the termination was pre-textual because Plaintiff was terminated shortly after she complained and opposed Defendants' unlawful practices.

COMPLAINT                                                                    -9-

34.  Defendants' conduct above described is in violation of various statutes and state law decisions, including but not limited to **Government Code § 12940(h)**, **Labor Code §** **1102.5(b)**, **Civil Code § 3294**, 42 U.S.C. § 2000e-3(a), and state law, including **Collier v.** **Superior Court** (1991), 228 Cal. App.3d 1117, and **Gantt v. Sentry Ins.** (1992), 824 P.2d 680.

35.  As a direct and legal result of Defendants' retaliatory actions against Plaintiff for her complaints herein referenced, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, *physical injuries, physical injuries*, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

36.  Said termination was retaliatory and justifies the imposition of punitive damages since the termination was against public policy.  Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## FOURTH CAUSE OF ACTION

### (Violation of Labor Code § 201)

### (CORN Against Defendants ACADEMY, and DOES 1 through 100, inclusive)

37.  The allegations of paragraphs 1 through 36 are re-alleged and incorporated herein by reference as though set forth fully herein.

COMPLAINT                                                                              -10-

38.  Plaintiff alleges on personal information and belief that Defendants failed to pay Plaintiff earned wages and hours immediately upon termination.

39.  Defendants are in violation of California Statutory laws prohibiting such conduct, including but not limited to, California **Labor Code** Section 200 et. seq. (including but not limited to **Labor Code** Sections 201, and 203 - which provides for statutory penalties), and attorneys' fees under **Labor Code** Section 218.5.

40.  As a result of the above-described unpaid wages, Plaintiff is entitled to wages owing, interest thereon, and, in addition, continuing wages through the time this complaint is filed and until Defendants make all due payments.

## **PRAYER**

1.  For damages according to proof, including loss of earnings, deferred compensation, overtime and other employment benefits;

2.  For interest on the amount of losses incurred in loss of earnings, deferred compensation, and other employee benefits at the prevailing legal rate.

3.  For prejudgment interest on lost wages and benefits;

4.  For general damages, including, but not limited to, damages for *physical injuries and/or physical sickness*, according to proof;

5.  For other special damages according to proof, including but not limited to reasonable medical expenses;

6.    For punitive damages according to proof;

7.    For costs incurred by Plaintiffs, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiffs and for violations of Plaintiff's civil rights as set forth above.

8.    For such other and further relief as the court deems just and proper.

Dated: June 28, 2007          THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP

By _____
for Gary R. Carlin, Attorneys for Plaintiff CONNIE CORN

**DEMAND FOR JURY TRIAL** (or alternatively arbitration if an enforceable arbitration agreement exists)

Plaintiff hereby respectfully demands a jury trial.

Dated: June 28, 2007          THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP

By _____
for Gary R. Carlin, Attorneys for Plaintiff CONNIE CORN

COMPLAINT                                                    -12-

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-9997
www.dfeh.ca.gov



December 4, 2006

Joanne P. Freeman
Attorney At Law
CARLIN & BUCHSBAUM, LLP
555 E. Ocean Blvd., Ste. 818
Long Beach, CA 90802

RE: E200607G0587-00-prc
 CORN/LA PETITE ACADEMY, INC.

Dear Joanne P. Freeman:

# NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department
of Fair Employment and Housing on 11/20/2006 pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq. Also enclosed
is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-
sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the complaint** on respondent(s). You should also enclose a copy of the
Notice of Case Closure along with the complaint. These documents must be served
within **60 days** of the filing date of the complaint. Government Code section 12962(b)
further provides that complaints must be served either personally or by certified mail
with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


Enclosure:    Complaint of Discrimination
             Notice of Case Closure

DFEH-200-06 (01/05)

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E-200607-G-0587-00-prc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Ms. Connie Corn

TELEPHONE NUMBER (INCLUDE AREA CODE)
(818)375-7898

ADDRESS
13039 Evening Creek Drive South #35

CITY/STATE/ZIP
San Diego, California 92128

COUNTY
San Diego

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
La Petite Academy, Inc.

TELEPHONE NUMBER (Include Area Code)
(858)484-2654

ADDRESS
10050 Carmel Mt. Road

DFEH USE ONLY

CITY/STATE/ZIP
San Diego, CA 92128

COUNTY
San Diego

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (If known)
15+

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) June 30, 2006

RESPONDENT CODE

THE PARTICULARS ARE:

On 6/30/06; and various other dates  I was  X  fired
____ laid off
____ demoted
  X  harassed
____ genetic characteristics testing
____ forced to quit

____ denied employment
____ denied promotion
____ denied transfer
  X  denied accommodation
____ impermissible non-job-related inquiry
  X  other (specify)  retaliated against

  X  denied family or medical leave
____ denied pregnancy leave
____ denied equal pay
____ denied right to wear pants
____ denied pregnancy accommodation

by  Brandy Frybargar
Name of Person                                    Job Title (supervisor/manager/personnel director/etc.)

because of my:  ____ sex          ____ national origin/ancestry    X  physical disability   ____ cancer        X  (Circle one) filing;
____ age          ____ marital status             X  mental disability   ____ genetic characteristic   (protesting) participating in
____ religion     ____ sexual orientation                                                         investigation (retaliation for)
____ race/color   ____ association    X  other (specify) retaliation for complaining about/opposing discrimination

the reason given by  Brandy Frybargar
                      Name of Person and Job Title

Was because of
[please state
what you believe
to be reason(s)]    Disability;Retaliation

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  November 8, 2006

At  San Diego
         City

COMPLAINANT'S SIGNATURE
Connie Corn

RECEIVED
NOV 20 2006
DEPT. OF FAIR EMPLOYMENT
STATE OF CALIFORNIA

DATE FILED:  NOV 20 2006

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Legal
Solutions
& Plus

LS-DFEH1

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-9997
www.dfeh.ca.gov



December 4, 2006


Joanne P. Freeman
Attorney At Law
CARLIN & BUCHSBAUM, LLP
555 E. Ocean Blvd., Ste. 818
Long Beach, CA 90802


RE:    E200607G0587-00-prc
       CORN/LA PETITE ACADEMY, INC.

Dear Joanne P. Freeman:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 20, 2006 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


cc:     Case File


HUMAN RESOURCES DIRECTOR
LA PETITE ACADEMY, INC.
10050 CARMEL MT. ROAD
SAN DIEGO, CA  92128

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY　　　　　　　　　　ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277 TTY (800) 700-2320 Fax (408) 277-9997
www.dfeh.ca.gov

December 4, 2006

Joanne P. Freeman
Attorney At Law
CARLIN & BUCHSBAUM, LLP
555 E. Ocean Blvd., Ste. 818
Long Beach, CA 90802

RE:　E200607G0587-01-prc
　　　CORN/FRYBARGAR, BRANDY, AS AN INDIVIDUAL

Dear Joanne P. Freeman:

# NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing on 11/20/2006 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure along with the complaint. These documents must be served within **60 days** of the filing date of the complaint. Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

*Marlene Massetti*

Marlene Massetti
District Administrator


Enclosure:　　Complaint of Discrimination
　　　　　　　Notice of Case Closure

DFEH-200-06 (01/05)

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200607-G-0587-01-prc

*DFEH USE ONLY*

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| Ms. Connie Corn | (818)375-7898 |

ADDRESS
13039 Evening Creek Drive South #35

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Diego, California 92128 | San Diego | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Brandy Frybargar c/o La Petite Academy, Inc. | (858)484-2654 |

ADDRESS
10050 Carmel Mt. Road

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Diego, CA 92128 | San Diego | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 15+ | June 30, 2006 | |

THE PARTICULARS ARE:

On  6/30/06; and various other dates  I was

- X fired
- ___ laid off
- ___ demoted
- X harassed
- ___ genetic characteristics testing
- ___ forced to quit
- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- X denied accommodation
- ___ impermissible non-job-related inquiry
- X other (specify) retaliated against
- X denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by  Brandy Frybargar

Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of my:
- ___ sex
- ___ age
- ___ religion
- ___ race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- X physical disability
- X mental disability
- ___ other (specify) retaliation for complaining about/opposing discrimination
- ___ cancer
- ___ genetic characteristic
- X (Circle one) filing; protesting participating in investigation (retaliation for)

the reason given by  Brandy Frybargar

Name of Person and Job Title

Was because of  Disability;Retaliation
[please state
what you believe
to be reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  November 8, 2006

At  San Diego
City

Connie Corn
COMPLAINANT'S SIGNATURE

RECEIVED
NOV 20 2006

DATE FILED:  NOV 2 0 2006

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Legal Solutions Plus

DEPT. OF FAIR EMPLOYMENT
STATE OF CALIFORNIA
AND HOUSING
LS-DFEH1

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                     ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
111 N. Market Street, Suite 810, San Jose, CA 95113
(408) 277-1277  TTY (800) 700-2320  Fax (408) 277-9997
www.dfeh.ca.gov



December 4, 2006


Joanne P. Freeman
Attorney At Law
CARLIN & BUCHSBAUM, LLP
555 E. Ocean Blvd., Ste. 818
Long Beach, CA 90802


RE:    E200607G0587-01-prc
       CORN/FRYBARGAR, BRANDY, AS AN INDIVIDUAL

Dear Joanne P. Freeman:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 20, 2006 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint.  The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


Marlene Massetti
District Administrator


cc:     Case File


BRANDY FRYBARGAR
AS AN INDIVIDUAL
LA PETITE ACADEMY, INC.
10050 CARMEL MT. ROAD
SAN DIEGO, CA  92128

DFEH-200-43 (06/06)

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed; unless the case is still open at the end of the three-year period.

Sincerely,

Marlene Massetti
District Administrator


cc:     Case File


BRANDY FRYBARGAR
AS AN INDIVIDUAL
LA PETITE ACADEMY, INC.
10050 CARMEL MT. ROAD
SAN DIEGO, CA  92128

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200607-G-0587-00-prc
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Ms. Connie Corn

TELEPHONE NUMBER (INCLUDE AREA CODE)
(818)375-7898

ADDRESS
13039 Evening Creek Drive South #35

CITY/STATE/ZIP
San Diego, California 92128

COUNTY
San Diego

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
La Petite Academy, Inc.

TELEPHONE NUMBER (Include Area Code)
(858)484-2654

ADDRESS
10050 Carmel Mt. Road

DFEH USE ONLY

CITY/STATE/ZIP
San Diego, CA 92128

COUNTY
San Diego

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
15+

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) June 30, 2006

RESPONDENT CODE

THE PARTICULARS ARE:

On 6/30/06; and various other dates   I was  _X_ fired
_ laid off
_ demoted
_X_ harassed
_ genetic characteristics testing
_ forced to quit

_ denied employment
_ denied promotion
_ denied transfer
_X_ denied accommodation
_ impermissible non-job-related inquiry
_X_ other (specify) retaliated against

_X_ denied family or medical leave
_ denied pregnancy leave
_ denied equal pay
_ denied right to wear pants
_ denied pregnancy accommodation

by  Brandy Frybargar
Name of Person                          Job Title (supervisor/manager/personnel director/etc.)

because of my:  _ sex          _ national origin/ancestry   _X_ physical disability   _ cancer          _X_ (Circle one) filing;
                _ age          _ marital status             _X_ mental disability     _ genetic characteristic   (protesting) participating in
                _ religion     _ sexual orientation                                                             investigation (retaliation for)
                _ race/color   _ association                _X_ other (specify) retaliation for complaining about/opposing discrimination

the reason given by  Brandy Frybargar
                     Name of Person and Job Title

Was because of  Disability:Retaliation
[please state
what you believe
to be reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  November 8, 2006

At  San Diego
    City

Connie Corn
COMPLAINANT'S SIGNATURE

RECEIVED
NOV 20 2006
DEPT. OF FAIR EMPLOYMENT
STATE OF CALIFORNIA
AND HOUSING

DATE FILED:  NOV 2 0 2006

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Legal
Solutions
Plus
LS-DFEH1

1 | Christopher C. Hoffman (CA Bar No.:176334)
      choffman@laborlawyers.com
2 | Amie M. Goble (CA Bar No.: 243778)
      agoble@laborlawyers.com
3 | FISHER & PHILLIPS LLP
    4225 Executive Square, Suite 950
4 | La Jolla, California 92037
    Telephone (858) 597-9600
5 | Facsimile (858) 597-9601

6 | Attorney for Defendant
    AMERICAN ENGINEERING SERVICES INC.
7 |

8 |                   UNITED STATES DISTRICT COURT

9 |                  SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | CONNIE CORN, an individual,       ) Case No:
                                       )
12 |                 Plaintiff,        ) [Removed from State Court
                                       ) Case No.: 37-2007-00069409-CU-WT-CTL]
13 | vs.                               )
                                       ) DECLARATION OF IRA YOUNG IN
14 | LA PETITE ACADEMY, INC., a        ) SUPPORT OF REMOVAL OF ACTION TO
     corporation; BRANDY FRYBARGAR,    ) THE UNITED STATES DISTRICT
15 | an individual; and DOES 1 to      ) COURT OF THE SOUTHERN DISTRICT
     250, inclusive;                   ) OF CALIFORNIA
16 |                                   )
                     Defendants.       ) COMPLAINT FILED: June 29, 2007
17 | _____ )

18 |       I, Ira Young, declare as follows:

19 |       1.   I am the Vice President, General Counsel and

20 | Corporate Secretary for Defendant La Petite Academy, Inc. ("La

21 | Petite"). I have personal knowledge of the facts set forth

22 | herein and, if called as a witness, I could and would

23 | competently testify thereto.

24 |       2.    La Petite's principal place of business is located at

25 | 21333 Haggerty Road, Suite 300, Novi, Michigan 48375. The day-

26 | to-day management, administrative and executive functions of La

27 | Petite are performed out of the Michigan office.

28 | ///

EXHIBIT B 

1    3.    La Petite is a corporation organized and existing

2  under the laws of the State of Delaware since 1982.

3    4.    La Petite has never been a California corporation. La

4  Petite is simply authorized to transact business in the State

5  of California as a foreign corporation.

6    I declare under penalty of perjury under the laws of the

7  state of Michigan that the foregoing is true and correct.

8    Executed this 26 th day of December 2007, in Novi, Michigan.

9

10

11  IRA YOUNG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF IRA YOUNG

SanDiego 34851.1

Exhibit C

1   Christopher C. Hoffman (CA Bar No.:176334)
    Amie M. Goble (CA Bar No.: 243778)
2   FISHER & PHILLIPS LLP
    4225 Executive Square, Suite 950
3   La Jolla, California 92037
    Telephone (858) 597-9600
4   Facsimile (858) 597-9601

5   Attorney for Defendant
    LA PETITE ACADEMY, INC.

6

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF SAN DIEGO -- CENTRAL**

10

11  CONNIE CORN, an individual,          )   Case No. 37-2007-00069409-CU-WT-CTL
                                         )
12                 Plaintiff,            )
                                         )   **DEFENDANT'S NOTICE OF FILING**
13  vs.                                  )   **PETITION FOR REMOVAL TO**
                                         )   **FEDERAL COURT**
14  LA PETITE ACADEMY, INC., a           )
    corporation; BRANDY FRYBARGAR, an    )
15  individual; and DOES 1 to 250, inclusive;  )   COMPLAINT FILED: June 29, 2007
                                         )
16                 Defendants.           )
                                         )
17  ─────────────────────────────────────)

18         TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

19  FOR THE COUNTY OF SAN DIEGO:

20         PLEASE TAKE NOTICE THAT on December 28, 2007, Defendant La Petite

21  Academy, Inc., by and through its attorneys, filed with the United States District Court for the

22  Southern District of California, its Notice of Removal of this action, a true and correct copy of

23  which is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), the filing of the

24  aforesaid Notice of Removal in the District Court, together with the filing of this Notice with

25  this Court, effects the removal of this action, and this Court may not proceed further with the

26  / / /

27  / / /

28  / / /                                    EXHIBIT _C_

─────────────────────────────────────────────────────────────
                DEFENDANT'S NOTICE OF FILING PETITION FOR REMOVAL
SanDiego 34849.1

1  above-captioned litigation unless and until the case is remanded.

2                                        FISHER & PHILLIPS LLP

3
    Dated: December 26, 2007        By: _____
4                                        CHRISTOPHER C. HOFFMAN
                                         AMIE M. GOBLE
5                                        Attorneys for Defendant
                                         LA PETITE ACADEMY, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   2
SanDiego 34849.1

1  Christopher C. Hoffman (CA Bar No.:176334)
   Amie M. Goble (CA Bar No.: 243778)
2  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
3  La Jolla, California 92037
   Telephone (858) 597-9600
4  Facsimile (858) 597-9601

5  Attorney for Defendant
   LA PETITE ACADEMY, INC.

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN DIEGO -- CENTRAL

10

11  CONNIE CORN, an individual,      ) Case No.: 37-2007-00069409-CU-WT-CTL
                                     )
12                  Plaintiff,       )
                                     ) **NOTICE TO ADVERSE PARTIES OF**
13  vs.                              ) **REMOVAL TO FEDERAL COURT**
                                     )
14  LA PETITE ACADEMY, INC., a       )
    corporation; BRANDY FRYBARGAR,   ) COMPLAINT FILED: June 29, 2007
15  an individual; and DOES 1 to     )
    250, inclusive;                  )
16                                   )
                    Defendants.      )
17  _____  )

18       TO PLAINTIFF CONNIE CORN AND HER ATTORNEYS OF RECORD:

19       PLEASE TAKE NOTICE THAT a Notice of Removal of this action

20  was filed on December 28, 2007, in the United States District

21  Court for the Southern District of California. A copy of the

22  said Notice of Removal is attached to this Notice as Exhibit

23  "A", and is served and filed herewith.

24                           FISHER & PHILLIPS LLP

25
    Dated: December 26, 2007      By: _____
26                                    CHRISTOPHER C. HOFFMAN
                                      AMIE M. GOBLE
27                                    Attorneys for Defendant
                                      La Petite Academy, Inc.
28



EXHIBIT

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

SanDiego 34848.1

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA    )
                       )
COUNTY OF SAN DIEGO  )

     I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

     On December 27, 2007, I caused the within document(s) entitled: **DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF CALIFORNIA;** to be served on all interested parties in this action by placing [ ] the original / *[X] a true copy* thereof, in a sealed envelope addressed as follows:

| | |
|---|---|
| Gary Carlin, Esq. | Attorneys for Plaintiff |
| Brent S. Buchsbaum, Esq. | Connie Corn |
| Joanne P. Freeman, Esq. | |
| Carlin & Buchsbaum LP | |
| 555 East Ocean Blvd., Suite 600 | |
| Long Beach, CA 92802 | |
| 562/435-1656 fax | |

[X]    **MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **FAX** - I caused the document(s) listed above to be telefaxed to the aforementioned facsimile number(s).
*The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.*

[ ]    **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the individuals listed above.

[]    **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]    **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on December 27, 2007, at La Jolla, California.

Marcie Hawkins

SanDiego 33832.1

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145960    — BH**

**December 28, 2007
11:00:52**

**Civ Fil Non-Pris**
USAO #.: O7CV2427 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC# 6988

**Total—>  $350.00**

FROM: CIVIL FILING
      CORN V. LA PETITE ACADEMY

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**'07 CV 2427 J RBB**

07 DEC 28 AM 9: 37

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DEPUTY

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| CONNIE CORN | LA PETITE ACADEMY, INC., a corporation; BRANDY FRYBARGER, an individual; DOES 1 to 250 |

**(b)** County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Novi, Michigan**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Carlin & Buchsbaum, LLP, 555 E. Ocean Blvd., Suite 818
Long Beach, CA 90802, 562-432-8933

Attorneys (If Known)
Fisher & Phillips LLP, 4225 Executive Sq., Suite 950,
La Jolla, CA 92037, 858-597-9600

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities— | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Alleged wrongful termination and disability discrimination.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):    JUDGE                    DOCKET NUMBER

DATE
12/28/2007

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY

RECEIPT #  145960    AMOUNT  $350    12/28/07 BY    APPLYING IFP            JUDGE            MAG. JUDGE

CP