1  Christopher C. Hoffman, Bar No. 176334
   Amie M. Goble, Bar No. 243778
2  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
3  San Diego, California 92037
   Telephone:  (858) 597-9600
4  Facsimile:  (858) 597-9601

5  Attorneys for Defendant
   LA PETITE ACADEMY, INC.
6

CIVIL BUSINESS OFFICE 9
CENTRAL

2007 AUG -9 A 9:44

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO -- CENTRAL

| | |
|---|---|
| CONNIE CORN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LA PETITE ACADEMY, INC., a corporation; BRANDY FRYBARGAR, an individual; and DOES 1 to 250, inclusive;<br><br>Defendants. | Case No.: 37-2007-00069409-CU-WT-CTL<br><br>**ANSWER OF LA PETITE ACADEMY, INC. TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed: June 29, 2007 |

**VIA FAX**

Defendant LA PETITE ACADEMY, INC. ("Defendant"), for itself alone and for no other party, hereby responds to the unverified Complaint file-stamped June 29, 2007, (the "Complaint") filed by Plaintiff CONNIE CORN ("Plaintiff") as set forth below:

## ANSWER

Plaintiff's Complaint being unverified, Defendant, pursuant to California Code of Civil Procedure Section 431.30(d), generally denies each and every allegation and each and every paragraph and cause of action in Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section

---

SanDiego 34115.1                                    ANSWER

1 | 3601 et seq.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to California Government Code sections 12960 and 12965 and Code of Civil Procedure section 335.1, 338 and 340.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any causes of action against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

The acts of any other Defendants, including fictitiously named Does 1 through 250, of which Plaintiff complains, were all undertaken outside the scope of their agency and/or employment with Defendant and without the knowledge or consent of Defendant and Defendant may not be held liable therefor.

## SIXTH AFFIRMATIVE DEFENSE

There existed legitimate non-discriminatory reasons for Plaintiff's termination of employment and the other alleged acts of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the loss, injury, damage, or detriment was caused and contributed to by the actions of Plaintiff, or by other factors outside of Plaintiff's employment relationship with Defendant. Furthermore, as Plaintiff did not exercise ordinary care on her own behalf, her own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against Plaintiff's claims in the amount(s) which Plaintiff did or could have earned through reasonable efforts, did or could have obtained through unemployment compensation, disability, and amount(s) paid to or on behalf of Plaintiff by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's claims is barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code Section 2922.

## TENTH AFFIRMATIVE DEFENSE

Any and all conduct of which Plaintiff complains and which is attributed to Defendant or its agents or employees was a just and proper exercise of management's discretion on the part of Defendant or its agents or employees and was undertaken for a fair and honest reason.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her conduct from recovering any relief under her Complaint, or any purported cause of action therein.

## THIRTEENTH AFFIRMATIVE DEFENSE

By her conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or any purported cause of action therein.

## FOURTEENTH AFFIRMATIVE DEFENSE

All acts of Defendant were not outrageous, intentional, or reckless, and Plaintiff did not suffer severe emotional distress as a result of Defendant's conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant was unaware of the purported wrongful conduct described in the Complaint and, to the extent any of it happened, did not ratify any wrongful conduct.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action for disability discrimination and failure to engage in the interactive process are barred in that to the extent required, Defendant engaged in the interactive process with Plaintiff and/or Plaintiff abandoned the interactive process.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action for disability discrimination and failure to engage in the interactive process are barred in that Plaintiff failed to request an accommodation.

### TWENTIETH AFFIRMATIVE DEFENSE

If Defendant perpetrated any of the acts alleged in Plaintiff's Complaint, and Defendant in no way admits to this, the acts were undertaken without malice.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's allegations arising from *Labor Code*, including but not limited to Sections 200, 201, 203 and 218.5 lack merit to the extent that Plaintiff was paid all earned wages within the time periods established by law, or Defendant otherwise complied with such statutory requirements.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and the purported causes of action alleged therein, fail to state a cause of action sufficient to permit recovery of any statutory or civil penalties.

---

SanDiego 34115.1

3
ANSWER

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for waiting time penalties pursuant to *Labor Code* § 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by her Complaint;
2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;
3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and,
4. That the Court award such other and further relief as it deems appropriate.

FISHER & PHILLIPS LLP

DATE: August 8, 2007          BY: _____
                              CHRISTOPHER C. HOFFMAN
                              AMIE M. GOBLE
                              Attorneys for Defendant
                              La Petite Academy, Inc.

4
ANSWER
SanDiego 34115.1

|  | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | (C.C.P. § 1013(a) and § 2015.5) |

3 | STATE OF CALIFORNIA )
                        )
4 | COUNTY OF SAN DIEGO )

5    I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

7    On August 9, 2007, I caused the within document(s) entitled: **ANSWER OF LA PETITE ACADEMY, INC. TO PLAINTIFF'S COMPLAINT**; to be served on all interested parties in this action by placing [ ] the original / [X] *a true copy* thereof, in a sealed envelope addressed as follows:

Gary Carlin, Esq.                          Attorneys for Plaintiff
Brent S. Buchsbaum, Esq.                   Connie Corn
Joanne P. Freeman, Esq.
Carlin & Buchsbaum LP
555 East Ocean Blvd., Suite 600            **VIA FAX**
Long Beach, CA 92802
562/435-1656 fax

[X]  MAIL - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]  FAX - I caused the document(s) listed above to be telefaxed to the aforementioned facsimile number(s).
*The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.*

[ ]  BY PERSONAL SERVICE - Such envelope(s) were delivered by hand to the individuals listed above.

[X]  STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 9, 2007, at La Jolla, California.

                                           /s/ Marcie Hawkins
                                           Marcie Hawkins

PROOF OF SERVICE

SanDiego 33832.1